**Ketevan JAVAKHISHVILI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–74328.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 25, 2008.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Ketevan Javakhishvili, a native of the former Soviet Union and citizen of Georgia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence an IJ's credibility findings. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). We deny in part, and dismiss in part the petition for review.

Substantial evidence supports the IJ's credibility finding because there are inconsistencies between Javakhishvili's testimony and her asylum application regarding the nature of her alleged injuries and the duration of her detention, and these inconsistencies go to the heart of her claim. *See Pal v. INS,* 204 F.3d 935, 938, 940 (9th Cir.2000).

Without credible testimony we uphold the agency's denial of asylum and withholding of removal. *See Farah,* 348 F.3d at 1156.

We lack jurisdiction to consider Javakhishvili's contentions regarding CAT protection, because she did not raise them before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**